# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | |
|---|---|
| | CRIMINAL ACTION |
| VERSUS | |
| | NO. 17-156-JWD-RLB |
| MICHAEL ESPOSITO | |

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Indictment* (Doc. 36) filed by Defendant Michael Esposito. The Government opposes the motion (Doc. 38). Oral argument was heard on December 11, 2018. (Doc. 49.) The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is denied.

**I.  Relevant Background and Parties' Arguments**

On December 21, 2017, a federal Grand Jury returned an Indictment charging Defendant with attempted production of child pornography in violation of 18 U.S.C. § 2251(a) & (e). (Doc. 1.) The Indictment involves secret videos of a young girl that were allegedly taken by the Defendant.

In the instant motion, Defendant argues that this Indictment should be dismissed because the elements of sexual exploitation of a child are not met. Specifically, according to Defendant, "[w]hat is depicted in the video is not sexually explicit conduct" under 18 U.S.C. 2256(2)(A)(V) and *United States v. McCall*, 833 F.3d 560 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 686 (2017) (Doc. 36-1). Defendant maintains that the Fifth Circuit has adopted certain factors on this issue (the *Dost* factors) and that, under those factors, the video is not "sexually explicit conduct"; [a]t most, the video is one of voyeurism." (Doc. 36-1 at 3.) Defendant then points to the Fifth

1

Circuit case of *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011), arguing that, under that case, mere voyeurism is not enough. Lastly, Defendant maintains that, even if one of the *Dost* factors weighs in the Government's favor (the one dealing with "whether the visual depiction is intended to elicit a sexual response in the viewer"), under *Steen*, no single factor is dispositive, and voyeurism by itself remains outside the scope of the statute. As a result, Defendant urges that the Court grant his motion and dismiss the Indictment.

The Government's response is two-fold. First, the Government asserts that the language of the Indictment closely tracks the statutory language for the crime of intent, and, according to the Government, the Defendant does not seriously dispute this. On that basis, the motion should be denied.

Second, as to Defendant's main argument that the videos were not "sexually explicit conduct" under the statute at issue, the Government advances that such conduct, defined as "lascivious exhibition of the genitals or pubic area of any person," is "a common sensical standard, and not only is the jury as the lay fact-finder capable of determining whether a given exhibition is lascivious, the jury is supposed to interpret and apply the standard based on common understandings and practices." (Doc. 38 at 4 (citations omitted).) Looking at the *Dost* factors, the Government emphasizes that these factors are not exhaustive and that no single one is dispositive. The Government also cites to the concurrence in *Steen* and other case law which highlight how the *Steen* factors are subject to the statutory standard articulated above. The Government then states that "[a] cursory review of relevant case law makes clear that the surreptitious recording of a minor's genitals or pubic area can constitute a 'lascivious exhibition.' " (Doc. 38 at 6 (citations omitted).) The Government analogizes this case to *McCall* and distinguishes *Steen*. The Government closes:

2

> Clearly, Defendant acted with the culpability necessary for the underlying offense, and he engaged in conduct amounting to a substantial step towards creating child pornography. Thus, even if a jury were to conclude that the videos at issue do not depict sexually explicit images, the jury would still be free to find that Defendant attempted to produce child pornography, which is the crime properly alleged in the indictment. . . .
>
> The issue of guilt or innocence in this criminal matter is one for the trier of fact – a jury of [Defendant's] peers. The Government is prepared to proceed with a trial. Counsel's opinion that the two videos do not meet some or all of the so-called "Dost factors" is an insufficient basis for this Honorable Court to exercise its extraordinary supervisory power to dismiss the indictment.

(Doc. 38 at 7–8.)

At oral argument, Defense counsel urged the Court to treat his motion like one for summary judgment. The contraband is essentially an undisputed fact, Defendant argues, so the Court can make preliminary findings based on that undisputed evidence.

Conversely, the Government maintained at oral argument that this is a motion to dismiss that deals with issues of law, not questions of fact. Further, the facts are disputed; specifically, there were other facts besides the video which are relevant and which would be presented at trial, including the facts that there were other videos that Defendant destroyed when he was caught by his former wife. All of this, the Government contends, goes towards intent. This is key because Defendant is charged with attempted production of child pornography, where intent is an element. Ultimately, the only question is whether the Government has alleged enough information to advise Defendant of what he is charged with. This is a legal question, not a factual one as Defendant urged.

## II.     Legal Standard

Defendant moves to dismiss the Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as

3

true and to determine whether an offense has been stated." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citing *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999)).

"The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper." *Fontenot*, 665 F.3d at 644 (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (internal quotation marks and citations omitted)); *see also Cavalier*, 17 F.3d at 92 ("Whether an indictment sufficiently alleges the elements of an offense is a question of law to be reviewed *de novo*." (citing *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991)). Further, "dismissing an indictment based on the resolution of a legal question in the presence of undisputed facts is authorized by the [Federal Rules of Criminal Procedure]." *Flores*, 404 F.3d at 325.

Rule 7(c)(1) provides in relevant part that the "indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). "Generally, an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged." *United States v. Franco*, 632 F.3d 880, 884 (5th Cir. 2011) (citing *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003)). "However, '[a]n indictment need not precisely track statutory language because the basic purpose of an indictment is to inform a defendant of the charge against him.' " *Franco*, 632 F.3d at 884–85 (quoting *United*

*States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008) (internal quotation marks and citation omitted)). "No prescribed set of words are required—the indictment simply needs to allege each element of the crime in a way that allows the accused to prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding." *Franco*, 632 F.3d at 885 (citing *Ramos*, 537 F.3d at 459).

### III. Discussion

#### A. The Indictment Is Sufficient

First, the Court finds that Defendant is not entitled to dismissal for any insufficiency in the Indictment. Defendant is charged with attempted production of child pornography. The elements for attempting a crime are: (1) "That the defendant intended to commit" the substantive offense; and (2) "That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation." Fifth Circuit Pattern Jury Instructions (Criminal), 1.32 (2015). The substantive offense here is production of child pornography in violation of 18 U.S.C. § 2251(a). This statute provides in relevant part:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), . . . .

18 U.S.C.A. § 2251(a). The elements of this offense are: (1) That the defendant employed, used, persuaded, induced, enticed, or coereced a minor to engage in sexually explicit conduct; (2) "That the defendant acted with the purpose of producing a visual depiction . . . of such conduct"; and (3) "That the visual depiction was produced . . . using materials that have been . . .

5

transported in or affecting . . . foreign commerce by any means, including by computer." Fifth Circuit Pattern Jury Instructions (Criminal), 2.84 (2015).

Here, the Indictment adequately alleges that the Defendant committed the crime of attempted production of child pornography. The Indictment specifically provides in relevant part:

> On or about November 15, 2016, in the Middle District of Louisiana, MICHAEL ESPOSITO, defendant herein, knowingly attempted to employ, use, persuade, induce, entice, and coerce Child Victim A, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions were produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

(Doc. 1 at 1.) This language closely tracks the language of the statute, describes the elements of the offense, adequately puts the Defendant on notice of the charges against him, and ensures there is no risk of double jeopardy. That is all that is required. *See Cavalier*, 17 F.3d at 92; *Franco*, 632 F.3d at 884 –85. Thus, as alleged, the Indictment appears proper, and Defendant is not entitled to dismissal on this ground.

### B. The Video Does Not Entitle Defendant to Dismissal

#### 1. Summary

Putting this aside, the heart of Defendant's motion is his argument that, as a matter of law, the videos does not show "sexually explicit conduct." Again, Defendant analogizes to a summary judgment, contending that the video is an undisputed fact and that he is entitled to judgment as a matter of law.

In short, the Court rejects Defendants' argument for two reasons. First, the Court finds that there are, at the very least, sufficient facts in the record from which a reasonable jury could conclude beyond a reasonable doubt that the video depicts sexually explicit conduct. That is,

6

keeping with the summary judgment analogy, the nature of the video is a disputed question of fact best left for the jury.

Second, and equally importantly, Defendant is charged with *attempted* production of child pornography. This is key because, as the Government argues, a reasonable jury could conclude from all the evidence in the record that the Defendant had the requisite intent to produce child pornography and took a substantial step strongly corroborating that intent, which are the elements for the crime with which Defendant is charged. For both of these reasons, Defendant's motion is denied.

### 2. The Issue of Whether the Video Shows "Sexually Explicit Conduct" Is a Question for the Jury

The phrase "sexually explicit conduct" is defined by statute as, among other things, "graphic or simulated lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(B)(iii). The parties point to two main Fifth Circuit cases on this issue: *Steen* and *McCall*. Given the importance of these cases to the decision, an extensive discussion is warranted.

#### a. *Steen*

In *Steen*, the Fifth Circuit reversed the jury's conviction for one count of production of child pornography. *Steen*, 634 F.3d at 823. Steen went to a tanning salon and held a camera above the top of the wall partition dividing the tanning rooms. *Id.* In doing so, he recorded "C.B. for about fifteen seconds as she adjusted the machine setting and entered the tanning bed. Most of the video displayed her back and hair, though her pubic region was visible on the right edge of the frame for approximately 1.5 seconds before she closed the tanning bed." *Id.* Ten days later, Steen returned to the salon and tried to film an adult female, but he was caught. *Id.* Police later

found other videos on his camera, making him face state felony charges for video voyeurism, but, after the video of C.B. was found, he was prosecuted for federal child pornography. *Id.*

"At trial, Steen moved for an instructed verdict" on the grounds that "the evidence was insufficient to prove beyond a reasonable doubt that the conduct filmed was sexually explicit or lascivious." *Steen*, 634 F.3d at 825. The district court denied the motion, and defendant was found guilty of one count of production of child pornography. *Id.* In its presentation of the facts, the Fifth Circuit (tellingly) stated:

> Steen had no prior criminal history; a forensic examination of Steen's computers found multiple adult pornographic images but no images of children. There was no evidence that the tanning salon video footage had been uploaded to Steen's computer, nor was there any evidence, or allegation, that Steen had distributed any images. Steen was sentenced to fifteen years in a federal corrections center, the mandatory minimum of § 2251.

*Id.*

On review, the Fifth Circuit preliminarily determined that it would apply a clear error standard of review. *Id.* at 825–26. The appellate court explained that, based on Fifth Circuit precedent, the court would "likewise apply the clear error standard to the jury's conviction so far as it indicates a factual finding that the image was a lascivious examination of the genitals." *Id.* at 826.

At the outset of its analysis, the Fifth Circuit explained that the child pornography statute looks at "two questions: Did the production involve the use of a minor engaging in sexually explicit conduct, and was the visual depiction a depiction of such conduct?" *Id.* The appellate court quickly concluded that defendant "clearly used C.B. for the purposes of producing a nude video" but stated that "the statute requires more—the film must depict sexually explicit conduct." *Id.*

The Court focused on whether the video was a "lascivious exhibition" of C.B.'s genitals or pubic area, and, in doing so, the Court looked at the *Dost* factors, which had "been applied in this circuit to assess lasciviousness." *Id.* at 326 (citing *United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001)). Those factors are:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4) whether the child is fully or partially clothed, or nude;
>
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Steen*, 634 F.3d at 826 (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd* 813 F.2d 1231 (9th Cir. 1987)). The Fifth Circuit noted that "[t]his list . . . is not exhaustive, [that] and no single factor is dispositive[,]" and that "[a]ny determination of lasciviousness 'will have to be made based on the overall content of the visual depiction.' " *Id.* at 827. But the appellate court clearly "note[d] that these factors have never been deployed where a defendant's conduct said to be criminal under the statute at issue proved to be no more than voyeurism." *Id.*

The Fifth Circuit concluded: "In considering the *Dost* factors and the statutory text, we find that the evidence is insufficient to find a lascivious exhibition of the genitals." *Id.* As to the first factor, the "focal point of the visual depiction [was] not on C.B.'s genitalia or pubic area,"

9

as the "pubic region [was] only visible for about 1.5 seconds" and the "film did not accent the pubic area" (indeed, it was "on the far side of the image's frame"). *Id.*

The second, third, and fifth factors also weighed against a finding of lasciviousness. As to the second factor (sexually suggestive setting), "Traditional settings that meet this standard are beds or bedrooms. A tanning salon is not a sexually suggestive setting, nor [were] C.B.'s movements unnatural for someone who is tanning. Because she did not know she was being filmed, she [was], of course, acting naturally." *Steen*, 634 F.3d at 827. While lying on one's back may be sexually suggestive, depending on the circumstances, this was not a case because the non-sexual activity required laying on one's back. *Id.* The fifth factor, coyness , was irrelevant here, as C.B. "did not know she was being filmed" and "neither act[ed] coy nor willing to engage in sexual activity." *Id.*

The fourth factor—nudity—was satisfied because C.B. was fully nude. *Id.* But "the Supreme Court has held that 'nudity, without more is protected expression.' Surreptitiously filming a nude tanner, on its own, does not meet the standard for producing child pornography." *Id.* (citation omitted).

Turning to the last factor, the Fifth Circuit stated:

The sixth factor is the most difficult to apply—whether the visual depiction is intended or designed to elicit a sexual response in the viewer. Here, the primary evidence of intention to elicit a sexual response is that Steen surreptitiously filmed a nude 16–year–old. However, as a Missouri district court held in a similar case:

> These videos could not be considered to have been intended to elicit a sexual response in the viewer any more than mere nudity would, which several courts have concluded is not of a sexual character. We do have some limited context ... that [the defendant] set up a camera ... but that context indicates nothing more than an attempt to capture mere nudity and is very different than a person ... telling a minor to undress, lay on a bed, and open his legs for a nude photo.

10

> Even if one assumes Steen was stirred by his voyeuristic pursuits, there is insufficient evidence to conclude that the image of C.B.'s genitals was designed to elicit a sexual response or whether, perhaps, merely being a voyeur excited Steen. When a photographer selects and positions his subjects, it is quite a different matter from the peeking of a voyeur upon an unaware subject pursuing activities unrelated to sex.
>
> We have previously adopted the ordinary meaning of the phrase "lascivious exhibition," which we defined as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." Here, the government's evidence cannot meet this standard.

*Steen*, 634 F.3d at 827–28 (citations omitted). As a result, the Fifth Circuit found that "Steen's conduct did not constitute the crime with which he was charged, and the case should not have gone to the jury." *Id.* at 828. Accordingly, the district court was reversed.

Judge Higginbotham wrote in concurrence "to note [his] misgivings about excessive reliance on the judicially created *Dost* factors that continue to pull courts away from the statutory language of 18 U.S.C. § 2251." *Id.* at 828 (Higginbotham, J., concurring). He stated that courts should be wary of "importing unnecessary interpretive conundrums into a statute, especially where the statute employs terms that lay people are perfectly capable of understanding, such as 'lascivious.' " *Id.* at 829. Higginbotham found the sixth factor "especially troubling" because "Congress did not make production of child pornography turn on whether the maker or viewer of an image was sexually aroused, and this *Dost* factor encourages both judges and juries to improperly consider a non-statutory element." *Id.* He later said:

> I agree with our panel's opinion today that an unaware minor may be used to produce child pornography, but even so, the statute requires that the image display sexually explicit conduct. The statute does not suggest that the definition of pornography is contingent upon what arouses the defendant, especially if the defendant is aroused by objectively asexual images.
>
> As this court noted in *Grimes*, § 2251 supports a finding that one who inappropriately films a minor for his own sexual pleasure may not be convicted of

11

> child pornography unless the images display a minor being used to engage in sexually explicit conduct. The statute's definition of sexually explicit conduct includes a "lascivious exhibition of the genitals or pubic area"—not a lascivious exhibition of winter coats, children's faces, or even breasts, but a lascivious exhibition of the pubic area. The video of C.B. contains no such exhibition. That is the most important "factor" this court should consider because it derives from the statute, not a lonely decision of a district court.

*Steen*, 634 F.3d at 829–30.

### b. *McCall*

Conversely, in *McCall*, Defendant McCall had served thirteen years for aggravated sexual assault of a five-year-old girl. *McCall*, 833 F.3d at 561. After moving in with some family members, including two teenage nieces, "he hid his cellular telephone in the family's shared bathroom and turned on the video-recording function of the phone before his 14-year-old niece, Jane Doe ("Doe"), entered the bathroom to shower. The phone captured over thirty-three minutes of graphic footage." *Id.* The appellate court explained:

> To summarize, Doe is seen undressing, grooming her pubic area, and preparing to shower, and then later, exiting the shower and getting dressed. At times, she is partially nude, and at other times, she is fully nude with her breasts, genitals, and/or pubic area visible. The recording ends when Doe noticed the camera and called an adult into the room.

*Id.* McCall then tricked his family into returning his phone, after which time he "transferred the phone's memory card to another device so that he could use the video to create still images of Doe and modify them using zoom, exposures, and filters." *Id.* at 561–62. "McCall acknowledged to a probation officer that he intentionally made still shots that focused and zoomed in on Doe's breasts and genitals and that he created the video and stills to arouse himself during masturbation." *Id.* at 562.

McCall pled guilty to one count of producing and attempting to produce child pornography. *McCall*, 833 F.3d at 562. The Fifth Circuit explained: "As part of his plea, he

12

admitted, inter alia, that he 'obtained the video of [Doe] by hiding his cellular telephone in the bathroom and turning on the video camera when [she] went into the bathroom to take a shower;' that he 'carefully positioned and aimed the lens of the camera with the intent of obtaining images of the genitals/pubic area of [Doe], as well as her breasts;' that 'a part of the video depicts [Doe's] genitals and pubic area;' and that the phone he used was manufactured outside of Texas." *Id.* at 562.

On appeal, McCall argued, among other things, that "the district court erred in accepting his plea because the video in question did not satisfy the 'sexually explicit conduct' element of § 2251(a)." *Id.* Because of the lack of evidence, the Fifth Circuit evaluated under the plain error standard. *Id.*

The appellate court then explained that, prior to accepting McCall's plea, under Fed. R. Crim. P. 11, the district court had to "make certain that the factual conduct admitted by [McCall was] sufficient as a matter of law to establish a violation of" § 2251(a). [(citation and emphasis omitted)] Pertinent here, this required the court to ensure that McCall 'use[d] a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.' " *McCall*, 833 F. 3d at 563 (quoting *Steen*, 634 F.3d at 826). The Court then laid out the definition of "sexually explicit conduct" taken from the statute ("lascivious exhibition of the genitals or pubic area of any person," *id.* (quoting 18 U.S.C. § 2256(2)(A)(v)), and from *Steen* ("a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer," *id.* (quoting *Steen*, 634 F.3d at 828) and quoted the *Dost* factors.

After noting that McCall did not address the *Dost* factors in briefing, the Fifth Circuit addressed McCall's argument that the Government had to show that the video of Doe was a

13

"lascivious *image*" rather than an "lascivious *exhibition*" *Id.* (emphasis in original). The appellate court said that the novelty of defendant's argument "face[d] overwhelming hurdles on plain error review." *Id.* at 563–64. The Fifth Circuit then got to the heart of the matter:

> The differences between this case and *Steen* cannot be overstated; indeed, as mentioned *supra*, McCall acknowledged many of these differences to the district court in arguing for and receiving a five-year downward variance on his sentence. Summarizing, *Steen* involved a defendant whose interest in voyeurism led him to capture 1.5 seconds of film depicting the pubic region of a girl he did not know to be a minor. *See* 634 F.3d at 827–28. Here, McCall does not argue that an interest in voyeurism, rather than his documented sexual interest in children, led him to record Doe. *See id.* at 827 (noting that the *Dost* "factors have never been deployed where a defendant's conduct ... proved to be no more than voyeurism"). Rather, the record unequivocally establishes that he purposefully filmed Doe's breasts, genitals, and pubic area for a number of minutes and for the admitted purpose of satisfying himself during masturbation. Given these qualitative and quantitative distinctions, this case is not *Steen*.

*McCall*, 833 F.3d at 564. The appellate court then concluded:

> Notwithstanding all of these differences, McCall relies on *Steen* to argue that the video does not depict "lascivious exhibition" because Doe was not aware that she was being recorded; she did not intend to display herself; and the video does not show Doe engaging in an affirmative sexual act. The Government responds that *Steen* adopted no such standard. We agree with the Government—*Steen* did not adopt a special *per se* rule for surreptitious recording cases that requires an affirmative display or sexual act by a minor. *See, e.g.*, *United States v. Romero*, 558 Fed. Appx. 501, 504 (5th Cir. 2014) (per curiam) (Higginson, J., dissenting) ("In *United States v. Steen*—a § 2251(a) case in which the defendant surreptitiously recorded a minor at a tanning booth—this court did not adopt a *per se* rule requiring that the minor affirmatively commit a sexual act."). Because *Steen* does not compel the interpretation of § 2251(a) and "lascivious exhibition" that McCall now advances, he cannot show that the district court plainly erred in accepting his plea. *See, e.g.*, *United States v. Alvarado–Casas*, 715 F.3d 945, 951–53 & n.7 (5th Cir. 2013) (reiterating that "factual basis error is not plain" unless a defendant's interpretation of a statute is compelled by, *inter alia*, a "binding judicial construction of it").

*Id.*

### c. Defendant Is Not Entitled to "Summary Judgment" Because the Nature of the Video is a Disputed Question of Fact for Trial

Having carefully considered these cases and having reviewed the video at issue, the Court finds that Defendant is not entitled to dismissal. First, looking at the video alone, this case is much closer to the facts of *McCall* than the facts of *Steen*. As *McCall* explained, in *Steen*, the defendant filmed 1.5 seconds of a girl's public area without knowledge that the girl was even a minor. The capturing of a minor was almost accidental in *Steen*. Conversely, in this case, as in *McCall*, the Defendant intentionally captured a short clip of a fully nude girl he knew to be a minor walking in her bedroom (in addition to her bathroom). Thus, at least two of the *Dost* factors are present (nudity and sexual response), and, more likely, there are three (given the sexually suggestive setting of the bedroom). Further, a reasonable jury could easy infer from the video alone (1) that the Defendant's goal was not voyeurism but sexual gratification from nude images of a minor, and (2) that the video was a "lascivious exhibition"—that is, "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *Steen*, 634 F.3d at 827–28.

Second, as the Government contends, Defendant is not entitled to "summary judgment" because there are other facts in the record, aside from the video, that demonstrate that the video is a "lascivious exhibition." For instance, Michelle Bolda testified that Defendant had downloaded "a bunch of" pornography, many of which had the word "teen" in their title, and so much so that "it seemed to [her] like more than a passing interest[.]" (Hr'g on Mot. to Review Detention Order ("Hr'g") Tr. 17, 21, Jan. 31, 2018, Doc. 45.) She also testified about his visiting a porn site with young women. (Hr'g Tr. 22.) She described the two videos she found on

Defendant's computer and the encrypted thumb drives she discovered upon trying to copy the videos. (Hr'g Tr. 28; *see also* Hr'g Tr. 49 ("I mean he had encryption technology on his iPad").) She stated that Defendant admitted to her to masturbating to videos of her 12 year old daughter and that he said, "I have a problem." (Hr'g Tr. 31.) Equally important, Bolda testified about the violent manner in which the Defendant destroyed various computer devices (smashing some and submerging his computer in water), Defendant's "fight[ing]" Bolda over the devices, and Defendant's flight from the house with other computer equipment, including Defendant's backing up the car despite Bolda standing behind it. (Hr'g Tr. 32–35, 58, 70–71.) The 911 call, as well as Bolda's description of the recorded call between her and Defendant, corroborates Bolda's account. (Gov. Ex. F; Hr'g Tr. 51–52.) A reasonable juror could conclude from all of this that the video in question (of a fully nude minor in her bedroom) was designed to elicit a sexual response in the viewer and that it was thus a lascivious exhibition. For all these reasons, Defendant is not entitled to judgment as a matter of law in this case.

### 3. Defendant Is Not Entitled to Judgment as a Matter of Law Because He Is Charged with *Attempted* Production of Child Pornography

Defendant's motion is also meritless for an additional reason. Specifically, Defendant is not entitled to "summary judgment" because there is sufficient evidence in the record from which the jury could conclude beyond a reasonable doubt that he committed the crime with which he is charged.

It is important to emphasize that, unlike *Steen*, Defendant is charged with *attempted* production of child pornography rather than actual production of child pornography. Again, the elements for attempting a crime are: (1) "That the defendant intended to commit" the substantive offense; and (2) "That the defendant did an act that constitutes a substantial step towards the

commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation." Fifth Circuit Pattern Jury Instructions (Criminal), 1.32 (2015).

Defendant is simply not entitled to judgment as a matter of law. A reasonable jury could conclude beyond a reasonable doubt from all of the evidence outlined in the previous section that the defendant had the intent to commit the offense of production of child pornography. Further, a reasonable jury could also conclude beyond a reasonable doubt that Defendant's alleged secret recording of his minor step-daughter demonstrates a substantial step toward the commission of that crime and strongly corroborates the Defendant's criminal intent.

As the Government argues, Defendant's guilt is ultimately a question for the jury, and granting the Defendant's motion would be wholly inappropriate given the disputed questions of fact in this case. For this additional reason, Defendant's motion is denied.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Indictment* (Doc. 36) filed by Defendant Michael Esposito is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 9, 2019.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**