# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**VERSUS**

**MICHAEL ESPOSITO**

**CRIMINAL ACTION**

**NO. 17-156-JWD-RLB**

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Indictment* (Doc. 51) filed by Defendant Michael Esposito. The United States opposes the motion. (Doc. 53.) Defendant has filed a reply. (Doc. 55.) Oral argument was heard on March 12, 2019. (Doc. 64.) Further briefing was not required. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is denied.

## I.      Relevant Background

Defendant represents that, on December 2, 2016, his former wife contacted Corporal C. Gunther of the Baton Rouge City Police Department ("BRPD") saying that she had found a video of her daughter in her bedroom and bathroom nude. Defendant's former wife stated that she thought Defendant had recorded the video.

The next day, Gunther contacted Detective Eymard (also with the BRPD). According to Defendant, Eymard "handled the investigation and ultimate arrest of [Defendant]. No Federal agents were involved in the investigation and arrest of [Defendant]." (Doc. 51-1 at 1–2.)

On December 6, 2016, Eymard and others arrested Defendant. At the time of the arrest, Eymard had a search warrant issued by Judge Marabella of the 19th Judicial District Court. The

warrant allowed for the search of Defendant's iPad and other electronic devises.  Defendant was booked into East Baton Rouge Parish Prison and was released on bond.

Defendant represents that, on March 22, 2017, the District Attorney's Office for the 19th Judicial District Court filed a Bill of Information.  On May 24, 2017, Defendant was arraigned.  On June 13, 2017, Defendant's state court counsel filed several motions, including a motion for discovery, motion to suppress, and motion for preliminary exam.  Defendant has since been given several follow-up dates, most recently of March 6, 2018.

Defendant asserts that the "FBI did not intervene into this case until November 21st, 2017, almost a year after his arrest by BRPD.  On this date, the FBI interviewed Michelle Esposito (Bolda)." (Doc. 51-1 at 2.)

On December 21, 2017, Defendant was indicted by a federal Grand Jury for one count of attempted production of child pornography in violation of 18 U.S.C. § 2251(a) & (e). (Doc. 1.)

## II.    Parties' Arguments

### A.  Defendant's Original Memorandum (Doc. 51-1)

Defendant argues: "Because this is a State prosecution, this Court should abstain from hearing it and dismiss this matter so that it can be handled in the 19th Judicial District Court." (Doc. 51-1 at 2.)  Defendant explains that, while federal courts have an obligation to hear cases, there are "countervailing interests that have justified the development of doctrines under which Federal Courts have discretion to decline to exercise jurisdiction." (Doc. 51-1 at 3.)  Defendant then provides an extensive discussion of *Younger v. Harris*, 401 U.S. 37 (1971), touching on both comity and "Our Federalism."  Defendant then turns to *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), which also noted the " 'seriousness of Federal judicial interference with State civil functions . . .' " (Doc. 51-1 at 4 (citing *Huffman*, *supra*).)

Defendant next goes to the instant case. Here:

> State court proceedings had been going on for a year before the United States Attorney's Office [USAO] got involved. Moreover, there is nothing Federal about this case in any sense. No Federal agents were involved in the investigation or arrest of Mr. Esposito. A State arrest warrant was issued by a State Court Judge. A State search warrant was issued by a State Court Judge. The District Attorney's Office for the 19th Judicial District Court instituted charges by way of Bill of Information. Mr. Esposito was arraigned and entered a plea of "Not Guilty". All of this took place long before any Federal intervention. The FBI simply took existing BRPD police reports and copied them, and then interviewed Mrs. Esposito (which the BRPD had already done).

> The only link which the United States can come up with to bring this in Federal Court is the allegation that the visual depictions were produced using materials that have been transported through interstate commerce. The U.S. Attorney claims that the camera used by Mr. Esposito was transported in interstate commerce.

(Doc. 51-1 at 4–5.)

Defendant then analogizes to *United States v. Lopez*, 514 U.S. 549 (1995); though not an abstention case, Defendant believes this case has applicable principles. One such principle is the fact that the federal government is one of enumerated powers. The *Lopez* court's Commerce Clause analysis is applicable to this case. Specifically, Defendant was charged with violating "a criminal statute that by its terms has nothing to do with Commerce or any sort of economic enterprise." (Doc. 51-1 at 6.) Defendant continues: "The apparent nexus to the Commerce Clause and/or Federal jurisdiction is the allegation that the camera which Mr. Esposito may have used was not manufactured in the State of Louisiana. Other than that tenuous connection, everything about this case is State and local in nature." (Doc. 51-1 at 6.)

Defendant next focuses on the fact that "State Courts . . . have basically unrestricted powers in defining and enforcing criminal laws," unlike federal courts, which are based on enumerated powers. Defendant then quotes from *Brecht v. Abrahamson*, 507 U.S. 619 (1993),

which says in part: "The States possess primary authority for defining and enforcing the criminal law." (Doc. 51-1 at 6–7 (quoting *Brecht*, *supra*).)

Defendant next points to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the "logic and reasoning" of which, Defendant argues, apply here. (Doc. 51-1 at 7.) After laying out the *Colorado River* factors, Defendant argues that two factors ("avoiding piecemeal litigation and the order in which jurisdiction was obtained") "weigh heavily in favor of this Court abstaining." (Doc. 51-1 at 8.)

Defendant maintains that all of the above abstention doctrines allow federal courts to defer to state-court proceedings. Although each abstention doctrine has different characteristics, the Supreme Court has stated that these various types of abstention are not "rigid pigeonholes in which Federal Court[s] must try to fit cases. Rather, they reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes." (Doc. 51-1 at 8 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).) Defendant concludes:

> This is purely a State/local case. It was handled from the beginning by State and local authorities. Federal jurisdiction is tenuous at best. No videos were distributed across State lines. In fact, no videos were distributed at all.
>
> As *Younger* stated, there has also been a desire to permit State Courts to try State cases free from interference by Federal Courts. The Doctrine of Comity holds that the Federal Government will fare best if the States and their institutions were left free to perform their separate functions in their separate ways. This Court should grant the Motion and abstain from exercising any jurisdiction it might have in hearing this case.

(Doc. 51-1 at 9.)

### B. Government's Opposition (Doc. 53)

The Government asserts that the Defendant's "latest quixotic attack on the federal criminal prosecution stems from a fundamental misunderstanding of the abstention doctrine."

(Doc. 53 at 1.)  The Government begins by citing to numerous Supreme Court cases which express a federal court's strong duty to exercise jurisdiction and how rarely such courts should abstain. (Doc. 53 at 1 (citations omitted).)

The Government next contends that *Younger v. Harris* extension is inapplicable.  This abstention is used only to prevent the interference with state criminal proceedings, and, here, "Defendant has not articulated how the federal prosecution will impair, obstruct, or otherwise interfere with the proceedings at the 19th Judicial District Court."  (Doc. 53 at 2.)  The Government continues:

> The reason is obvious: this Court is not being asked to declare the state proceedings unconstitutional, enjoin their progress, or otherwise disrupt or dictate their course. Defendant has not cited, and the Government has not found, a single example of a federal court relying on Younger abstention to dismiss a federal criminal indictment. Indeed, review of relevant case law reveals that the abstention doctrine simply does not apply in the absence of a pending state court action between the same parties. [(citations omitted)].

(Doc. 53 at 2.)

The Government also disputes Defendant's contention that " 'this case is purely a State case.' " (Doc. 53 at 3 (citing Doc. 51-1 at 1).)  The Government states further:

> [A] federal grand jury has charged Michael Esposito with violating Title 18, United States Code, Section 2251(a), which criminalizes the attempted production of child pornography. After receiving all the evidence, a federal petit jury will decide whether the Government has met its burden of proof. In no way will the outcome of this federal prosecution – conviction or acquittal – impair, obstruct, or otherwise interfere with the state proceedings.

(Doc. 53 at 3.)  The Government also notes several cases standing for the proposition that, under the doctrine of dual sovereignty, a state court prosecution does not bar a federal prosecution (and vice versa). (Doc. 53 at 3 n. 1 (citations omitted).)

The Government concludes:

There is no legal basis for this Court to dismiss the indictment or abstain from hearing this federal criminal case. There is no parallel state case where both the United States and the defendant are parties. For the foregoing reasons, the defendant's claim is meritless as a matter of law[.]

(Doc. 53 at 4.)

### C. Defendant's Reply (Doc. 55)

Defendant begins his reply: "The Government has not cited and, the Defendant has not found, a single case holding that the Abstention Doctrine cannot be applied in a Federal criminal case." (Doc. 55 at 1.) Defendant then relies on the recent case of *Savoy v. Gusman*, 2016 WL 1411310 (E.D. La.), which purportedly held:

a Federal Court must abstain when (1) there is an ongoing State criminal, civil, or administrative proceeding; (2) the State Court provides an adequate forum to hear the claims raised in the Federal complaint; and (3) the State proceedings involve an important State interest, matters which traditionally look to State law for their resolution or implicate separately articulated State policies.

(Doc. 55 (citing *Savoy*, *supra*).) In *Savoy*, the case allegedly involved "a matter of State criminal law and State interests in 'correcting wrongs done within its borders' ". (Doc. 55 at 2.)

Defendant then argues:

In the current case, any alleged wrongdoing of Mr. Esposito was clearly "within the borders" of Louisiana. The Government admits that there was no transmission of any material in interstate commerce. The hook to make this a Federal case is a weak one—the Government alleges that the camera used by Mr. Esposito was manufactured outside the State of Louisiana and traveled in interstate commerce. . . . In fact, it appears that the Government might not even be sure that the camera in their possession (which they purport traveled in interstate commerce) is the camera which Mr. Esposito allegedly used. In pretrial discovery, FBI Special Agent David Harris reported in an email "It seems it may be a different camera that filmed the video due to the information found from the EXIF data."

(Doc. 55 at 2 & n. 1.)

Defendant then urges that, of the abstention types, *Colorado River* is the most applicable. Defendant states:

> Everything about this case calls for Federal Courts to abstain and allow this case to be heard in State Court. There is really nothing 'Federal' about this case. . . . [T]he only element that arguably makes this a Federal case is the tenuous allegation that the camera used, traveled in interstate commerce. There are no national security interests or any other aspects of this case that would warrant it being held in a Federal Court.

(Doc. 55 at 3.)

Defendant also notes that "there is a move afoot to stop duplicative prosecutions" and that the Dual Sovereignty Doctrine cited by the Government (Doc. 55 at 3) is "under serious attack". (Doc. 55 at 4.) This is evidenced by the Supreme Court granting writs in the recent *Gamble v. United States of America*, 138 S. Ct. 2707 (2016), where the "simple question presented . . . is whether the Supreme Court should overrule the Separate Sovereigns Exception to the Double Jeopardy Clause." (Doc. 55 at 4.)

### D. Oral Argument

At oral argument, Defendant urged the Court to apply *Younger* abstention. When the Court questioned whether there was any interference with the state court proceedings in this case, Defendant stated that he could not get any evidence in state court because the federal government took it all. Defendant conceded, however, that this "happens a lot," that he had no proof that the state had asked for its evidence back, and that there was nothing that prevented the state case from going forward. Defendant continued by arguing that this is a state voyeurism charge and that the United States and State of Louisiana are essentially one prosecution attempting to punish the same crime. Defendant again stated that the jurisdictional nexus in this case is weak and that the State of Louisiana has an important interest in pursuing its voyeurism case.

The Government first responded that it is prepared to show at trial that the camera used to take the contraband videos was produced by an international company in China or Taiwan and

that it can show this regardless of whether it has the camera; thus, the jurisdictional requirement has been met.  The Government next stated that *Younger* does not apply because the United States and State of Louisiana are separate sovereigns that have charged completely different crimes; what the state wants to do is its own business.  Further, the Assistant District Attorney has not once asked for a return of the evidence, and there is no evidence in the United States' possession to indicate that it has interfered with the case in state court.  In closing, the Government asserted that Defendant did not cite a single case applying *Younger* to a federal criminal case.

In reply, Defendant referred the Court to a three-part test for applying *Younger*.  Further, according to Defendant, just because he cited no federal criminal case applying *Younger* does not mean the Court is prohibited from doing so.

## III.  Discussion

### A.  Abstention Generally and in Federal Criminal Prosecutions Specifically

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013).  Indeed, "[f]ederal courts, it was early and famously said, have 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.' " *Id.*, 571 U.S. at 77, 134 S. Ct. at 590–91 (quoting *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L. Ed. 257 (1821)). "Jurisdiction existing, [the Supreme Court] has cautioned, a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.' " *Id.*, 571 U.S. at 77, 134 S Ct. at 591 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)).

"Parallel state-court proceedings do not detract from that obligation." *Id.* (citing

*Colorado River*, *supra*). Thus, "[a]bstention is not in order simply because a pending state-court

proceeding involves the same subject matter." *Id.*, 571 U.S. at 72, 134 S. Ct. at 588 (citing *New

Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 373, 109 S. Ct.

2506, 105 L. Ed. 2d 298 (1989) (*NOPSI* ) ("[T]here is no doctrine that . . . pendency of state

judicial proceedings excludes the federal courts.")).   "[F]ederal courts ordinarily should

entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should

not 'refus[e] to decide a case in deference to the States.' " *Id.*, 571 U.S. at 73, 134 S. Ct. at 588

(quoting *NOPSI*, 491 U.S., at 368, 109 S. Ct. 2506).  The "general rule" is: " '[T]he pendency of

an action in [a] state court is no bar to proceedings concerning the same matter in the Federal

court having jurisdiction.' " *Id*. (quoting *Colorado River*, 424 U.S. at 817, 96 S. Ct. 1236).

Defendant did not cite to a single case in which a federal court abstained from a criminal

prosecution.  Moreover, the Court was unable to locate such a case in its research.

However, contrary to Defendant's findings, the Court did find ample authority for the

proposition that a federal court should not abstain from criminal prosecutions.  *See United States

v. Burcham*, 91 F. App'x 820, 822 (4th Cir. 2004) (rejecting defendant's argument that "the

district court erred by conducting [a] revocation hearing during the pendency of state criminal

proceedings regarding the alleged new law violations in contravention of the *Younger* abstention

doctrine" because " '*Younger* abstention does not apply to federal criminal prosecutions' " and

"supervised release revocation hearings are similar to federal criminal prosecutions[.]" (quoting

*United States v. Geiger*, 263 F.3d 1034, 1040 (9th Cir. 2001)); *United States v. Long*, 324 F.3d

475, 477 (7th Cir. 2003) (noting, "a federal court generally may not choose to 'abstain' from

exercising its jurisdiction in a criminal prosecution."); *Geiger*, 263 F.3d at 1040 (finding no error

in the district court's decision not to abstain under *Younger* because "*Younger* abstention does not apply to federal criminal prosecutions; a federal prosecutor can indict a state criminal defendant even while state proceedings are ongoing." (citing *Abbate v. United States*, 359 U.S. 187, 195, 79 S. Ct. 666, 3 L. Ed. 2d 729 (1959)); *United States v. Dicter*, 198 F.3d 1284, 1291 (11th Cir. 1999) (finding no error in district court's refusal to abstain from forfeiture of defendant's state medical license because of investigation by state licensing officials into Defendant's conduct at the time of trial because "[t]his case is not one where a state-court defendant comes to federal court seeking equitable relief against a state-court proceeding; this case is a direct, federal criminal prosecution." (citing *United States v. Composite State Bd. of Med. Exam'rs*, 656 F.2d 131, 134 (5th Cir. 1981) ("[A]bstention is inappropriate when, as here, the United States is seeking to assert a federal interest against a state interest."))); *United States v. Pirtle*, No. 02-1891, 2003 WL 27385324, at *2 (D.N.M. May 19, 2003) ("this case is a criminal prosecution undertaken by the United States, rather than a civil case. The *Younger* and *Colorado River* abstention doctrines do not apply to federal prosecutions." (citing *Long*, *Geiger*, *Dicter*, and *Composite State Bd.*, *supra*.)).  Based on this authority, as a matter of law, Defendant does not appear entitled to the relief he seeks.

Nevertheless, even assuming that the Court could abstain from federal criminal prosecutions under certain circumstances, the Court would reject Defendant's arguments. Defendant has not shown that abstention is warranted under either the *Colorado River* or the *Younger* abstention doctrines.

### B. *Colorado River* Abstention Does Not Apply

"A *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by 'exceptional

circumstances.' " *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir.), *cert. dismissed*, 139 S. Ct. 660 (2018) (citing *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). Again, "[f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.' " *Id.* (quoting *Colo. River*, 424 U.S. at 817, 96 S. Ct. 1236). "Even so, a court may choose to abstain, awaiting the conclusion of state-court proceedings in a parallel case, based on principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id.* (quoting *Colo. River*, 424 U.S. at 817, 96 S. Ct. 1236).

"Whether to abstain is not a question answered by the recitation of 'a mechanical checklist' but instead rests 'on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.' " *Aptim*, 888 F.3d at 135 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). "To determine whether exceptional circumstances are present, the court considers the following six factors:"

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 135–36 (quoting *Stewart*, 438 F.3d at 491). A "district court's decision whether to abstain" is reviewed for abuse of discretion; "to the extent that the decision turns on an interpretation of law," it is reviewed *de novo*. *Id.* at 136 (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649–50 (5th Cir. 2000)).

Here, as in *Aptim*, the first favor weighs against abstention. This is a criminal case; there is no *res*. "An absence of property is not a merely neutral item, of no weight in the scales. Instead, it supports exercising federal jurisdiction." *Aptim*, 888 F.3d at 136 (citations omitted).

With respect to the second factor, "the relative convenience of the forums 'primarily involves the physical proximity of the federal forum to the evidence and witnesses.' " *Id.* (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)). "The question requires finding not that the state court is a 'better' or 'more convenient' forum but that the 'inconvenience of the federal forum is so great' as to warrant abstention. *Id.* (citing *Evanston*, 844 F.2d at 1192). " 'When courts are in the same geographic location, the inconvenience factor weighs against abstention.' " *Id.* (quoting *Stewart*, 438 F.3d at 492). Here, both the federal forum and the state court are located in Baton Rouge. Thus, the second factor also weighs against abstention. *Cf. id.* (finding that the 80-mile distance between the state courthouse in Baton Rouge and the federal court in New Orleans was "within the same geographic location for all practical purposes" and so "this factor [was] neutral at best.").

Contrary to the Defendant's argument, the third factor also weighs against abstention. This is not a situation involving piecemeal litigation between the same parties. Here, as the Government maintains, the state court action involves the prosecution of state law crimes by a District Attorney's office, and the federal action involves the prosecution of a distinct federal criminal statute by the United States Attorney's Office for this district. The instant offense cannot be prosecuted in state court. Additionally, Defendant's contention that the jurisdictional hook is weak in this case is premature, as this is ultimately an issue to be decided by the jury. *See* Fifth Circuit Pattern Jury Instructions (Criminal), 2.84 (2015) (listing as third element of the crime of production of child pornography "That the visual depiction was produced . . . using

materials that have been . . . transported in [or affecting] interstate commerce by any means, including by computer."); *id.*, 1.32 (describing elements of offense of attempt as (1) having the intent to commit the substantive offense, and (2) doing "an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation").

With respect to the fourth factor, "[t]he inquiry centers more on the progress made in the relative forums, not on the date of initial filing." *Aptim*, 888 F.3d at 137 (citing *Moses H. Cone*, 460 U.S. at 21, 103 S. Ct. 927). Here, the Court again agrees with the Government; these are not truly concurrent forums because they involve different parties and different criminal offenses.

But, even assuming arguendo that there were concurrent forums, and even assuming that this fourth factor weighed in favor of abstention, the other two factors also weigh against abstention. There is no question that federal law provides the rule of decision in determining whether the Defendant violated 18 U.S.C. § 2251(a) & (e), the crime for which Defendant was indicted by a federal Grand Jury. " 'The presence of a federal law issue "must always be a major consideration weighing against surrender [of jurisdiction]," but the presence of state law issues weighs in favor of surrender only in rare circumstances.' " *Aptim*, 888 F.3d at 138 (quoting *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 739 (5th Cir. 1999)).

As to the final factor ("evaluating the adequacy of state proceedings to protect the rights of the party invoking federal jurisdiction"), this too weighs against abstention or is, at most, neutral. When "[n]othing has impugned the state court's ability fairly to determine the legal questions at issue, [the] factor is neutral." *Id.* Here, as discussed below in the *Younger* section, there is nothing in this federal action which will enjoin or interfere with the state court action.

In sum, three or four of the factors weigh against abstention, one or two are, at most, neutral, and the last only arguably weights in favor of abstention. "To overcome the strong presumption in favor of federal jurisdiction, a party must show exceptional circumstances. The factors here do not demonstrate such circumstance[.]" Consequently, this Court will exercise jurisdiction. *See Aptim*, 888 F.3d at 139 (finding the district court properly exercised jurisdiction when two factors were neutral, one weighed "slightly in favor of abstention, and three weigh[ed] against abstention.").

### C. *Younger* Abstention Does Not Apply

"*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns*, 571 U.S. at 72, 134 S. Ct. at 588. "*Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions." *Id.*, 571 U.S. at 78, 134 S. Ct. at 591 (citing *NOPSI*, 491 U.S., at 368, 109 S. Ct. 2506). " '[O]nly exceptional circumstances, . . . justify a federal court's refusal to decide a case in deference to the States." *Id.* (quoting *NOPSI*, 491 U.S. at 368, 109 S. Ct. 2506).

Here, the Court agrees with the Government. Again, the Defendant has completely failed to demonstrate how this federal prosecution of a federal crime would enjoin, intrude, or interfere with the ongoing state prosecution. Given the fact that, again, abstention is the exception not the rule, Defendant has not met his burden of proving entitlement to *Younger* abstention.

Oral argument confirmed this. Again, Defendant conceded that federal prosecutors frequently take evidence from state prosecutors, that he had no proof that the State of Louisiana has asked for its evidence back, and that there was nothing that prevented the state case from going forward. The Government likewise represented that the Assistant District Attorney has not

requested the return of any evidence and that the United States has nothing to indicate that it has interfered with the state court prosecution. Without more, again, Defendant has not met his burden of proving that the Court should apply *Younger* abstention.

*Savoy* does not justify a different result. There, an individual filed a petition for federal habeas corpus relief attacking his prosecution in state court on constitutional grounds and asking the federal court to "stay all criminal proceedings in the state courts and order his immediate release from custody." *Savoy v. Gusman*, No. 15-4906, 2016 WL 1411310, at *2 (E.D. La. Mar. 1, 2016), *report and recommendation adopted*, No. 15-4906, 2016 WL 1393517 (E.D. La. Apr. 8, 2016). In recommending a denial of Plaintiff's relief, the magistrate judge explained that the petitioner had "shown no basis for this Court to grant a stay in interference with the ongoing state criminal proceedings. Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state courts' entry of the final judgment of conviction is justified by considerations of comity." *Id.* at *3 (citation omitted). The magistrate judge concluded that the petitioner "has failed to establish any exception to the *Younger* abstention doctrine which would warrant interference with his on-going criminal proceeding by means of stay or possible dismissal of his charges based on a ruling on the substance of his federal claims." *Id.* at *4.

The instant case is completely different than *Savoy*. Unlike *Savoy*, there is no direct attack or interference with an ongoing state criminal prosecution through constitutional challenges. Rather, there is simply a separate federal prosecution. As amply demonstrated above, this is not enough, by itself, to justify abstention.

Rather, *Pirtle* is analogous. There, the defendant asked the court to abstain, on *Younger* and *Colorado River* grounds, from a case in which he was charged with failure to pay an interstate child support obligation in violation of 18 U.S.C. § 228. *Pirtle*, 2003 WL 27385324, at

*2.  After concluding that, as a general matter, "[t]he *Younger* and *Colorado River* abstention doctrines do not apply to federal prosecutions[,]" *see, supra*, the district court went on to say that, even if the Court did consider those abstention doctrines, they would not apply. *Pirtle*, 2003 WL 27385324, at *2.  The Court explained:

> Defendant's argument is essentially a policy argument, that this Court should refuse to exercise its jurisdiction over this criminal case because the state is now able to enforce its support orders and this federal case is therefore unnecessary. While the Court may wonder about the allocation of resources, it is not this Court's province to override the executive branch's decisions about when it is advisable to prosecute an individual for a violation of federal law. If Defendant violated § 228 while he lived outside New Mexico, the crime occurred at that point and was not erased by his return to this state. The United States Attorney's office has apparently decided to pursue this prosecution for the alleged crime, despite Defendant's stated intentions to remain in New Mexico and pay the accrued child support arrearage. Neither the *Colorado River* doctrine, the *Younger* doctrine, nor any other abstention doctrine gives this Court the authority to overrule, on policy grounds, the decision to pursue this prosecution. Defendant's abstention, comity, and prudential arguments must therefore be rejected.

*Id.*  The court thus denied defendant's motion to dismiss. *Id.* at *2–3.

Similar reasoning applies here.  Defendant is essentially arguing based on policy reasons that this is "really" a state case, that it should be allowed to proceed in state court, and that consequently this federal case should be dismissed.  But the USAO in this district has elected to pursue the allegations against Defendant, and Defendant has not shown that any abstention doctrine gives this Court the authority to overrule that decision.  Again, the question of whether the Defendant is guilty of the alleged federal crime is ultimately a question for the jury. Abstention is unwarranted.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Indictment* (Doc. 51) by Defendant Michael Esposito is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>April 1, 2019</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**